UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LEE HENDERSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:11-CV-1798 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the court on the motion of Larry Lee Henderson to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed responses in opposition, and the issues are fully briefed.

**I. Background**

Following a jury trial, Henderson was found guilty of uttering counterfeit securities, in violation of 18 U.S.C. § 513. He was sentenced to a 63-month term of imprisonment followed by a 24-month term of supervised release.

On December 31, 2009, Henderson appeared before the court for a final supervised release revocation hearing. At the hearing, Henderson admitted that he violated a condition of supervised release by leaving the judicial district without permission. Also, the court took judicial notice of its own records which revealed that Henderson had been indicted again for passing counterfeit checks and that he had failed to pay any of the previously-ordered restitution or special assessment. The court revoked Henderson's term of supervised release and sentenced him to a term of 24

months' imprisonment; no further term of supervised release was imposed.[1]  The judgment was affirmed on appeal.  United States v. Henderson, 381 Fed. Appx. 620 (8th Cir. 2010).

**II. Discussion**

In the motion to vacate, Henderson asserts three claims of ineffective assistance of counsel.  To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.  Id. at 689.  In Strickland, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  in making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant

---

[1]The most serious grade of violation was Grade B (commission of a new felony) and Henderson's criminal history category was V. Thus, the guideline range for revocation was 18-24 months.  U.S.S.G. 7B1.4(a).

- 2 -

> decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. Conflict of interest

While he was on supervised release, Henderson was again indicted for passing counterfeit checks. *United States v. Larry Lee Henderson*, *Case No. 4:09CR658 (CAS)*. One of the victims named in the original indictment was Auffenberg Chevrolet, an automobile dealership in St. Louis.[2]

Henderson was represented by attorney JoAnn Trog in the revocation proceedings and on the new criminal charges. Several months after the supervised release revocation hearing but while the new indictment was still pending, Ms. Trog learned that her law partner had once represented two members of the Auffenberg family in connection with tax and real estate matters. The time period of the Auffenberg family representation overlapped with a portion of the time that the indictment was pending. Ms. Trog had not participated in the representation of the

---

[2]Auffenberg Chevrolet was not named in the subsequent superseding indictments filed by the government.

- 3 -

Auffenberg family and had had no dealings with them. Nevertheless, she disclosed the matter to Henderson in a letter dated March 6, 2010, and informed him that she would file a motion to withdraw if he wanted her to do so. *Id., Doc. # 46-2*. Three days later, Ms. Trog filed a motion asking the court to hold a hearing to determine whether a conflict of interest existed. *Id*., *Doc. # 46*. At the hearing, Ms. Trog made an oral motion to withdraw that was granted by the court. *Id., Doc. # 51.*

In the motion to vacate, Henderson asserts that he was denied effective assistance of counsel in the revocation proceedings because a conflict of interest arose from Ms. Trog's representation of one of his alleged victims. The Sixth Amendment guarantees a defendant the right to counsel "free from conflicts of interest or divided loyalties." United States v. Acty, 77 F.3d 1054, 1056 (8th Cir. 1996). In United States v. Young, 315 F.3d 911 (8th Cir.), cert. denied, 538 U.S. 1044 (2003), the court wrote:

> Where the alleged conflict of interest involves multiple or serial representation, two different standards apply. If the defendant raised the issue at trial, the defendant need only prove an actual conflict of interest and reversal follows automatically upon such a showing. . . Where the issue was not raised at trial, the defendant must show an actual conflict of interest that affected the adequacy of his or her representation. . . On the other hand, where the alleged conflict involves ethical issues other than multiple or serial representation, this Circuit has held that *Strickland* is still the appropriate standard.

315 F.3d at 915, fn. 5 (citations omitted). *See also* Cuyler v. Sullivan, 446 U.S. 335,348, 350 (1980)(when court is not made aware of the conflict, the defendant must show that defense counsel "actively represented conflicting interests" and that the conflict "adversely affected his lawyer's performance.")

Henderson did not raise the conflict of interest issue at the December 2009 revocation hearing, nor could he have done so because the purported conflict did not become known to him or Ms. Trog until March 2010. If at the time of the revocation hearing Ms. Trog was not aware of her partner's representation of the Auffenberg family, then she clearly could not have been conflicted about whether to protect their interests or Henderson's. Further, in revoking Henderson's supervised release term, the court considered the fact that a new indictment had been returned against him. The details of the indictment and the identities of the alleged victims were immaterial to the court's decision. There was nothing Ms. Trog did or could have done to change the fact that the new indictment established probable cause that Henderson had committed a new crime while on supervised release. Likewise, Henderson's non-payment of the financial penalties was a matter of record which Ms. Trog could do nothing to change.

The court finds that Henderson has not established that a conflict of interest existed at the time of his revocation hearing. Also, even if such a conflict did exist, Henderson has not established that it affected the representation he received at the hearing or that he was in any way prejudiced.

> **B. Failure to present indemnification certificate and failure to object to Grade A violation**

As discussed above, the revocation was based in part on evidence (*i.e.*, the new indictment) that Henderson had committed new felony offenses while on supervised release. Pursuant to the sentencing guidelines, the violation charged in the revocation petition was Grade B. U.S.S.G. § 7B1.1(a)(2). Henderson's assertion that he was accused of a Grade A violation is a misstatement of fact.

Henderson also asserts that his attorney should have submitted a document (indemnification certificate) to the court which would have established his "actual innocence" with respect to the new crimes. Henderson's guilt or innocence of the new crimes was not an issue at the revocation hearing, and it was not the duty of defense counsel to try to contradict the grand jury's decision. Henderson cannot show that the document, if offered, would have been given any consideration by the court. Further, Henderson cannot establish that he was prejudiced by his attorney's failure to offer irrelevant evidence or make futile objections.

### III. Conclusion

For the reasons discussed above, the court concludes that motions and the files and records of this case conclusively show that Henderson is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts. Therefore, the motion and supplemental motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Henderson has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2015.